UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MILES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. JACKSON,<br><br>　　　　Defendant. | Case No. 16-cv-05616-JSC<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 12 |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983 against M. Jackson, a guard at the California Training Facility ("CTF") where plaintiff is incarcerated. The Court previously concluded that Plaintiff's allegations state a cognizable claim for relief under Section 1983 against Jackson for retaliating against him for his verbal and written grievances against her. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) (prisoner may not be retaliated against for exercising First Amendment rights by using prison grievance procedures). (ECF No. 3.) Defendant subsequently filed a motion for summary judgment on the grounds that plaintiff has not exhausted his administrative remedies.[1] Plaintiff did not file an opposition despite being warned of the potential adverse consequences of not doing so. For the reasons discussed below, the motion for summary judgment is GRANTED IN PART AND DENIED IN PART. Defendant is directed to notify the Court whether he wishes to participate in the Court's Prisoner Mediation Program.

## BACKGROUND

In his verified complaint, Plaintiff alleges that on March 18, 2015, Jackson verbally

---

[1] All parties consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636. (ECF Nos. 1, 10.)

harassed him and required him to return to his job at the CTF laundry room instead of attend a classification hearing, while allowing Hispanic inmates to attend their appointments. (ECF No. 1 at 6-7.) Plaintiff made a verbal complaint to another CTF official, and on April 2, 2015, Plaintiff filed an administrative grievance about Jackson's conduct. (*Id.* at 8, 18.) The grievance was designated CTF-S-15-00663 ("663"). (*Id.*) Sergeant Hui Hui was assigned to investigate grievance 663 and tried to interview Plaintiff, but Plaintiff requested to be interviewed by someone else because Hui Hui spoke with Jackson every day, including about the matters in the grievance. (*Id.* at 8, 18-21.) Hui Hui canceled grievance 663 at the first level of review because Plaintiff refused to be interviewed by him. (*Id.* at 18, 21.) On July 6, 2015, Plaintiff filed another administrative appeal, CTF-S-15-01279 ("279"), complaining that Hui Hui canceled grievance 663 improperly, and that Hui Hui was biased in favor of Jackson because he was her sergeant and friend and had regular contact with her. (*Id.* at 9, 27, 29.) On August 15, 2015, grievance 279 was denied at the second level of review because Hui Hui's relationship with Jackson did not establish bias or preclude him from interviewing Plaintiff about the matters in grievance 663. (*Id.* at 22-23.) The denial of grievance 279 was upheld at the third level of review on February 12, 2016. (*Id.* at 24-25.)

Plaintiff claims that on January 15, 2016, Jackson performed a rough search of him and filed a false disciplinary report against him for disobeying orders. (*Id.* at 9.) Plaintiff's administrative appeal of the disciplinary report, CTF-S-00208 ("208") was granted by Hui Hui on March 8, 2016, and the report was removed from Plaintiff's central file. (*Id.* at 10, 32-37.)

On April 7, 2016, Jackson threatened Plaintiff by saying to him, "The next time your Black ass ain't going to get away!" and "You need to be careful 'cause you could end up spending the rest of your life in prison." (*Id.* at 10-11.) The same day, Plaintiff filed an administrative grievance against Jackson for making those comments, and in the complaint he asked that Jackson "cease any and all retaliatory action against me." (*Id.* at 11, 38-39.) Plaintiff never received a response, and he also did not receive a response when he followed up with the CTF Appeals Coordinator about the status of this grievance. (*Id.* at 11, 41.)

//

**DISCUSSION**

I.    <u>Standard of Review</u>

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. *Id.* If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party. *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014). If more than one reasonable inference can be drawn from undisputed facts, the trial court must credit the inference in favor of the nonmoving party. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

Where, as here, a summary judgment is unopposed, a district court may not grant the motion solely on that basis. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994). The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th Cir. 2001). A verified complaint, such as the complaint filed here, may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

1  Exhaustion must ordinarily be decided in a summary judgment motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. *Id.* at 1166.

II. Analysis

Plaintiff claims that Jackson retaliated against him for filing verbal and written grievances against her. (ECF No. 1 at 12-14.) This retaliation consisted of roughly searching him and filing a false disciplinary report against him on January 15, 2016, and verbally threatening him on April 7, 2016. (*Id.*)

Respondent argues that Plaintiff has not exhausted his administrative remedies on his claim, as required by the Prison Litigation Reform Act ("PLRA"). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Compliance with the exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001).

The California Department of Corrections and Rehabilitation ("CDCR") provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." 15 Cal. Code Regs. § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *Id.* To exhaust available administrative remedies within this system, a prisoner must submit his complaint on CDCR Form 602 (referred to as a "602") and proceed through several levels of appeal: (1) first level appeal filed with one of the institution's appeal coordinators, (2) second level appeal filed with the institution head or designee, and (3) third level appeal filed with the CDCR director or designee. *Id.* § 3084.7.

Administrative remedies are not exhausted where the grievance, liberally construed, does not have the same subject and same request for relief as the prisoner's federal claim. *See, e.g.*,

*Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010); *O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1063 (9th Cir. 2007). In addition, the PLRA exhaustion requirement requires "proper exhaustion," which means compliance with prison grievance procedures. *Jones v. Bock*, 549 U.S. 199, 217-18 (2007) (level of detail necessary in a grievance to exhaust a claim is determined by prison's grievance requirements, and not PLRA). California prison regulations require the grievance to "describe the specific issue under appeal and the relief requested," "list all staff member(s) involved and [] describe their involvement in the issue," and "state all facts known and available to [the inmate] regarding the issue being appealed" at the time the grievance is submitted. 15 Cal. Code Regs. § 3084.2(a). Neither the California regulations nor the PLRA require a grievance to include legal terminology or legal theories unless necessary to provide notice of the harm being grieved, nor must a grievance include every fact necessary to prove each element of an eventual legal claim. *See id.*; *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).

There is no dispute that Plaintiff filed four administrative grievances in this case: grievance 663, grievance 279, grievance 208, and the unanswered grievance filed on April 7, 2016. Defendants argue, correctly, that grievance 663 and grievance 279 do not exhaust Plaintiff's retaliation claim. They do not mention retaliation or the acts by Jackson that are asserted to be retaliatory --- the rough body search, the disciplinary report, and her verbal threats. They also do not mention any verbal or written grievances against Jackson that Plaintiff claims caused her to retaliate. Indeed, grievance 663 and grievance 279 are the grievances that Plaintiff claims provoked her retaliation.

Grievance 208 also does not exhaust the retaliation claim. This grievance challenged the disciplinary charge that Jackson filed against Plaintiff, but it did not claim that this was retaliatory or mention any prior verbal or written grievances Plaintiff had filed against Jackson. Grievance 208 asserted a different harm than Plaintiff's retaliation claim: it asserted only that he was being unfairly punished, whereas the retaliation claim asserts that Jackson interfered with Plaintiff's exercise of his First Amendment right to file verbal and written grievances. As a result, it did not provide notice to prison officials that Plaintiff believed Jackson was retaliating against him for

5

filing those grievances. In addition, the relief requested in grievance 208 differs from the relief requested here: in the grievance, Plaintiff sought to remove the disciplinary charges from his record and not to suffer any punishment for appealing the disciplinary charge, whereas in the present action he seeks money damages and an end to Jackson's retaliation. Grievance 208 did not exhaust Plaintiff's retaliation claim because it did not have the same subject and seek the same relief.

The unanswered administrative grievance Plaintiff filed on April 7, 2016 does exhaust part of Plaintiff's retaliation claim. In the grievance, Plaintiff described the verbal threats Jackson made against him on that day, and accused "Jackson of deliberate retaliation." (ECF No. 1 at 38 - 39.) When liberally construed, this is sufficient to indicate that he was asserting that Jackson's threats were retaliatory, just as he claims to be the case here. In addition, the grievance sought an end to Jackson's retaliation and monetary damages, which is the same relief Plaintiff seeks here. To be sure, Plaintiff did not pursue this grievance to the final and third level of administrative review. He could not do so, however, because the record reflects that he never received an answer to the grievance at the first level of review; indeed, Jackson does not address this alleged grievance in her summary judgment motion. "When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) (per curiam) (prisoner filed grievance in January 2013 and officials had not responded by December 2014, when prisoner filed his federal civil rights claim). Plaintiff filed the grievance in April 2016 and had not received any response as of October 2016, when Plaintiff filed the complaint in this case. This far exceeds the thirty-day period for prison officials to respond. *See* 15 Cal. Code Regs. § 3084.8(c)(1)-(2). Accordingly, Plaintiff is deemed to have exhausted available administrative remedies for this grievance.

The grievance does not exhaust Plaintiff's retaliation claim in its entirety, however. The grievance does not mention that Jackson searched him roughly and filed unfounded disciplinary charges against him. These are two of the acts that Plaintiff claims were retaliatory, in addition to the verbal threats that are described in the grievance. As a result, this grievance does not exhaust Plaintiff's claim that Jackson's search and unfounded disciplinary charges were retaliation for his

6

1 filing grievances against her.

2 The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. *Jones v. Bock*, 549 U.S. 199, 222-24 (2007) (rejecting "total exhaustion-dismissal" rule). The proper treatment of a mixed complaint, i.e., a complaint with both exhausted and unexhausted claims, will depend on the relatedness of the claims. *Lira v. Herrera*, 427 F.3d 1164, 1175 (9th Cir. 2005). When a prisoner has filed a mixed complaint and wishes to proceed with only the exhausted claims, the district court should simply dismiss the unexhausted claims when the unexhausted claims are not intertwined with the properly exhausted claims. *Id.* On the other hand, when a plaintiff's mixed complaint includes exhausted and unexhausted claims that are closely related and difficult to untangle, dismissal of the defective complaint with leave to amend to allege only fully exhausted claims, is the proper approach. *Id.* at 1176. Plaintiff's claims that Jackson's body search and filing false disciplinary charges were retaliatory are not so entangled with his claim that her verbal threats against him several months later were retaliatory that the two cannot be separated. Consequently, the unexhausted claim that Jackson retaliated against Plaintiff by roughly searching him and filing false disciplinary charges shall be dismissed without prejudice to refiling if and when Plaintiff exhausts it. The exhausted claim that Jackson verbally threatened Plaintiff on April 7, 2016 to retaliate against him for his grievances against her will not be dismissed.

//

//

**CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED IN PART AND DENIED IN PART. Plaintiff's claims are DISMISSED IN PART, as described above, without prejudice to refiling following exhaustion. Plaintiff's claim that Jackson verbally threatened him on April 7, 2016 in retaliation for his exercising his First Amendment rights is not dismissed.

**On or before January 15, 2018, Defendant shall advise the Court in writing whether she wishes to participate in the Pro Se Prisoner Mediation Program at this time.**

This Order disposes of Docket No. 12.

**IT IS SO ORDERED.**

Dated: December 27, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

DENNIS MILES,

    Plaintiff,

v.

M. JACKSON,

    Defendant.

Case No. 16-cv-05616-JSC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 27, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dennis Miles ID: C-81837
California Training Facility
P.O. Box 689
Soledad, CA 93960-0689

Dated: December 27, 2017

Susan Y. Soong
Clerk, United States District Court

By: _____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

9