UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENNIS MILES,

        Plaintiff,

    v.

M. JACKSON,

        Defendant.

Case No. 16-cv-05616-JSC

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

Re: Dkt. No. 17

    Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983 against M. Jackson, a guard at the California Training Facility ("CTF") where Plaintiff is incarcerated. The Court previously concluded that Plaintiff's allegations stated a cognizable claim relief under Section 1983 against Jackson for violating his First Amendment rights when she retaliated against him for verbal and written grievances he filed against her. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) (prisoner may not be retaliated against for exercising First Amendment rights by using prison grievance procedures). (ECF No. 3.)

    Defendant's motion for summary judgment on the grounds that Plaintiff had not exhausted his retaliation claim was granted in part and denied in part. Summary judgment was granted for non-exhaustion on Plaintiff's claim that Jackson retaliated by roughly searching him and filing false disciplinary charges against him on January 15, 2016. Summary judgment for non-exhaustion was denied, however, on Plaintiff's claim that Jackson retaliated against him when she verbally threatened him on April 7, 2016 as this claim had been exhausted. Defendant subsequently filed a motion for judgment on the pleadings on this claim. Plaintiff filed an opposition, and Defendant filed a reply brief.[1] For the reasons discussed below, the motion is

---

[1] All parties consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636. (ECF Nos. 1, 10.)

GRANTED.

The standard applied on a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is the same standard applied on a motion to dismiss under Rule 12(b)(6). *Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). All factual allegations are accepted as true and the pleadings are construed in the light most favorable to the nonmoving party, in this case the Plaintiff. *Kneivel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

Defendant argues that Plaintiff's remaining claim is not cognizable because mere verbal threats are not sufficient to form the basis of a First Amendment retaliation claim. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir. 1998); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). The complaint alleged more than mere verbal threats as retaliation in that Plaintiff also alleged that Defendant's rough search and false disciplinary charges against him were retaliatory. However, Plaintiff did not exhaust the claim that the search and disciplinary charges were retaliatory. Therefore, Plaintiff cannot proceed with a single retaliation claim that incorporates the search, the discipline, *and* the verbal threats as retaliatory actions. Plaintiff also cannot proceed with only the exhausted portion of the retaliation claim --- i.e. that Defendant retaliated with verbal threats --- because, as Defendant correctly argues, a First Amendment retaliation claim cannot be based upon mere verbal threats. Accordingly, Plaintiff cannot proceed in federal court with a retaliation claim until he has exhausted a claim that Defendant retaliated against him with more than verbal threats. Defendant's motion for judgment on the pleadings is GRANTED, and his complaint is DISMISSED without prejudice.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June 25, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge